# Ex Parte Julio.

Apelación procedente de la Corte de Distrito de

Humacao.

No. 29.—Resuelto en Junio 22, 1905.

HABEAS CORPUS.—CUMPLIMIENTO DE SENTENCIA.—MANDAMIENTO DE PRISIÓN.—La detención de un prisionero en cumplimiento de sentencia dictada contra él, debe estar justificada con una copia certificada de la sentencia original, según el art. 327 del Código de Enjuiciamiento Criminal, y el incumplimiento de este precepto produce la nulidad del mandamiento, por carecer de requisito esencial, y procede la excarcelación del prisionero en un procedimiento de *habeas corpus*.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Guzmán Benítez* (José).

Abogado del apelado: *Sr. Rossy, Fiscal*.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Habiendo sido convicto Lino Julio en la Corte de Distrito de Humacao, el 3 de noviembre de 1903, del delito de atentado contra la vida, fué condenado por dicha Corte de Distrito á la pena de tres años de presidio, y fué enviado inmediatamente á la cárcel de Humacao, para ser detenido de acuerdo con la Ley. El día 8 de abril de 1905, hizo á la Corte de Distrito de Humacao, solicitud para el auto de *habeas corpus*, alegando que se encontraba ilegalmente detenido en la cárcel de Humacao, por Fernando Montilla, el Alcaide de dicha Cárcel, en virtud de un juicio celebrado en la citada Corte de Distrito de Humacao, y condena de tres años de presidio, etc., alegando como motivos de la detención ilegal:

1.—Que la citada Corte de Distrito de Humacao, cuando fué declarado culpable, solo votó la sentencia sin cuidarse de extenderla en debida forma y suscribirla como determina la ley.

2.—Que el auto de prisión por el cual está detenido, es defectuoso en los requisitos legales necesarios, pres-

critos por el artículo 327 del Código de Enjuiciamiento Criminal, puesto que dicho auto de prisión no contiene ni la sentencia ni la parte dispositiva de la misma, y;

3.—Que dicho auto de prisión no cumple con todos los requisitos determinados por el artículo 16 de la Ley Orgánica.

En virtud de esta solicitud, se celebró debidamente el juicio correspondiente, y la causa fué examinada acabadamente por el Juez de la Corte de Distrito de Humacao. Se tomaron las declaraciones del Alcaide de la Cárcel y la del Secretario de la Corte de Distrito, y se presentaron como prueba copias certificadas de la sentencia y del auto de prisión; después de lo que el Juez de Distrito, en un dictamen razonado rehusando excarcelar el preso bajo *habeas corpus*, lo volvió á enviar á la cárcel para que cumpliese su condena. Esta resolución se dictó el día 11 de abril de 1905. El peticionario, por conducto de su abogado, dió aviso de la apelación en debida forma, y presentó una copia de los procedimientos en esta Corte, el día 29 de mayo siguiente. Después de los trámites ordinarios, se celebró la vista de la causa en esta Corte el día 21 de junio.

Después de un reconocimiento cuidadoso de todos los autos, aparece, con respecto á los tres puntos presentados por el peticionario, que es el apelante en esta Corte, en los cuales funda su petición, que sea puesto en libertad.

1.—Que la Corte de Distrito de Humacao, el día 3 de noviembre de 1903, después de un juicio elaborado, las constancias del cual se guardaron en el libro dedicado á ese fin, declaró que el demandado era culpable del delito de atentado contra la vida, y lo condenó á tres años de presidio. Parece que el abogado defensor del apelante se opone á la forma de la sentencia, porque no cumple con lo dispuesto por la antigua ley española;

pero de acuerdo con el Código de Enjuiciamiento Criminal vigente en la actualidad, sección 326, la sentencia dictada por la Corte de Distrito, se hizo en debida forma. En vista de que el Código de Enjuiciamiento Criminal empezó á regir el día primero de julio de 1902, y este procedimiento tuvo lugar con un año de posterioridad, hay que declarar buena la sentencia.

2.—La tercera objeción, que el auto de prisión no cumple con lo dispuesto por la sección 16 de la Ley Orgánica, es incomprensible, en vista de la copia del auto de prisión que encontramos en los autos. Dicho auto cumple literalmente con lo dispuesto por la referida sección de la Ley Orgánica, y nosotros no podemos imaginar por qué se hizo la objeción.

3.—El segundo motivo que da el apelante para su excarcelación, es que el auto de prisión no cumple con las disposiciones de la sección 327 del Código de Enjuiciamiento Criminal. Dicha sección del Código dispone que debe entregarse en todos los casos una copia certificada de la sentencia al Alcaide de la Cárcel, y no es necesaria otra orden ó autorización para servir de auto de prisión.

Esta Corte ha declarado en la causa de Pablo Rolón ex parte, decidida ayer, y en la causa de Justo Aranzamendi ex parte, decidida el 18 de mayo próximo pasado, y en la causa de José Gregorio Torres, decidida el 24 del mismo mes, que esta sección de la ley debe cumplirse, de acuerdo con los términos de la misma, y en aquellos casos revocó la sentencia de la Corte de Distrito (que ordenaba enviar los presos á la custodia del Alcaide) pero que podía expedirse nuevo mandamiento, de acuerdo con la ley; es decir, una copia de la sentencia, según determina la sección 327 del Código de Enjuiciamiento Criminal, y que bajo este auto, el preso podía ser nuevamente arrestado y detenido para cumplir su condena.

De acuerdo con estos dictámenes, la sentencia de la Corte de Distrito de Humacao, dictada el día 11 de abril de 1905, en la presente causa, volviendo á enviar el preso á la custodia del Alcaide de la Cárcel de Humacao debe revocarse y el prisionero debe excarcelarse; reservándose, sin embargo, á la Corte de Distrito de Humacao, el derecho de expedir nuevo auto de prisión, de acuerdo con la citada ley, y de exigir el cumplimiento de la sentencia de dicha Corte, condenando al preso á la pena de tres años de presidio.

*Revocada.*

Jueces concurrentes.: Sres. Presidente Quiñones, y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Wolf, no intervino en la resolución de este caso.